IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
ALPINE DIVISION

| | | |
|---|---|---|
| **ERIC HEMPHILL,** | § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO.** |
| v. | § § | **4:20-cv-37** |
| | § § | **JURY TRIAL DEMAND** |
| **WESTSTAR AUTOPLEX, L.L.C.,** | § § | |
| **Defendant.** | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Eric Hemphill ("Hemphill") and files this, his Original Complaint and Jury Demand against Defendant WestStar Autoplex, L.L.C. ("Weststar" or "Defendant") concerning race/color discrimination arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*. In support of Hemphill's claims, he respectfully states as follows:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1343(a)(4), 42 U.S.C. § 1981, and 42 U.S.C. § 2000e-5(f)(3).  The Court has supplemental jurisdiction over Plaintiff's claims under the Texas Labor Code and Texas Law because those claims are so related to the claims in the action with the Court's original jurisdiction that they

form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5.

### III. PARTIES

3. Plaintiff is an African-American citizen of the United States and a lawful resident of Midland County, Texas.

4. Defendant is an auto dealership located on 401 E. Interstate Hwy. 20, Monahans, Texas 79756, with a mailing address at PO Box 67 Monahans, TX 79756-0067, and a Registered Agent – Larry L Bryant, maintaining a registered office at 2008 West Hwy. 80, Monahans, TX 79756.

### IV. FACTS

5. Mr. Hemphill first began working for WestStar Autoplex in March, 2012.

6. For the duration of his employment, Mr. Hemphill gave his best efforts to WestStar, and had no disciplinary history prior to his termination.

7. Unfortunately, Charles Cassle, WestStar's General Manager, harbors biases and prejudices against African-Americans. Racist terms and statements also permeate the WestStar Autoplex workplace. These included terms such as referring to Mr. Hemphill working the "cotton gin," and being a "monkey."

8. On or about September 21, 2016, WestStar and Mr. Cassle made the decision to terminate Mr. Hemphill for the stated reason that he had made controversial statements on his Facebook page. Mr. Hemphill's post was a parody of a commercial which directed criticism at the national situation where individuals, particularly African-Americans, are being killed at routine traffic stops.

9. The real reason for Mr. Hemphill's termination was race and illegal pressure applied by local law enforcement to terminate Mr. Hemphill over his Facebook post.

10. Ironically, Mr. Cassle's very own Facebook page reveals numerous posts that are both racist and sexist in nature.

11. Mr. Cassle's public Facebook profile also reveals that he is the general manager of WestStar Autoplex. Comparatively, Mr. Hemphill's Facebook post was made under the pseudonym Eric Sweetwater, in which he does not display a picture of himself, Eric Hemphill, or that he is an employee of WestStar.

12. Unfortunately, WestStar has allowed racial politics to permeate its workplace, allowing managers and others to make blatantly racist postings and statements on social media. However, when an African-American such as Mr. Hemphill makes a post criticizing the killing of African-Americans at traffic stops, he is summarily terminated. Further, others have been given "second chances" or progressive discipline, whereas Mr. Hemphill was summarily terminated.

13. This sort of selective enforcement of rules is indicative of race discrimination.

14. Notably, during Mr. Hemphill's unemployment benefits hearing before the Texas Workforce Commission, Mr. Cassle testified that the termination decision was also made because of economic pressure, yet he was unaware of any economic damage done to the dealership from Mr. Hemphill's statements.

15. Plaintiff timely filed an EEOC charge of discrimination on or about February 27, 2017, which was co-filed with the Texas Workforce Commission Civil Rights Division.  Plaintiff was mailed a notice of right to sue letter from the EEOC on February 7, 2020, and received it shortly

thereafter.  This suit is being filed within 90 days of Plaintiff receiving the notice of right to sue letter from the EEOC.

## VI.   JURY DEMAND

16. Plaintiff hereby demands a trial by jury on all claims and defenses in this action.

## V.   CAUSES OF ACTION

### A.   Color and Race Discrimination

17. Plaintiff realleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

18. As described above, Defendant's actions constitute unlawful discrimination on the basis of Plaintiff's race and color in violation of 42 U.S.C. §2000e-2(a), 42 U.S.C. § 1981, and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq*.  The employment practices complained of above were intentional.

19. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claims under Title VII, section 1981, and the Texas Labor Code.

20. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and expects to suffer pecuniary losses, including but not limited to, lost wages and other benefits associated with his employment.

21. As a result of Defendant's discrimination, Plaintiff has suffered non-pecuniary losses including, but not limited to emotional pain, suffering, inconvenience, personal humiliation, mental anguish, loss of enjoyment of life, and other non-pecuniary damages.

22. Defendant acted at all relevant times with malice and/or reckless indifference to Plaintiff's federal- and state-protected rights.  Plaintiff therefore seeks punitive damages under 42 U.S.C. §§ 1981 and the Texas Labor Code.

23. Additionally, Plaintiff seeks any and all equitable relief necessary to return him to the position that he would have been in but for Defendant's unlawful discrimination.

24. Defendant's actions referenced above have caused Plaintiff to retain the services of the undersigned counsel in order to pursue his state and federal rights in this action. Consequently, Plaintiff seeks attorneys' fees, expert costs, and other costs of suit under 42 U.S.C. § 1981, 42 U.S.C. § 2000e-5(k), and the Texas Labor Code.

## VII. PRAYER

WHEREFORE, Plaintiff, respectfully requests that the above-named Defendant be cited to appear in this matter and that, after jury trial by proof, Plaintiff be awarded:

a. Judgment against Defendant ordering Defendant to take such other reasonable actions as may be necessary to remedy the effects of Defendant's violation of 42 U.S.C. § 1981, 42 U.S.C. § 2000(e), and the Texas Labor Code;

b. Judgment against Defendant for lost wages and benefits, both back pay and front pay;

c. In the alternative to front pay, judgment against Defendant reinstating Plaintiff to his position of employment, equivalent position of employment, or the position of employment he would have enjoyed but for the discrimination, if reinstatement is deemed feasible;

d. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

e. Judgment against Defendant for punitive damages to the extent allowed under the law;

f. Pre-judgment interest at the appropriate legal rate on all amounts awarded;

    g.    Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

    h.    Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees;

    i.    Costs of suit; and

    j.    Such other and further relief to which Plaintiff may justly be entitled

Respectfully submitted,

Date: May 7, 2020

/s/ *Adam S. Greenfield*

Adam S. Greenfield
Texas Bar No. 24075494
agreenfield@candglegal.com
*Board Certified in Labor & Employment Law by the Texas Board of Legal Specialization*

Edward Cloutman, III – Of Counsel
State Bar No. 04411000
crawfishll@prodigy.net

**Cloutman & Greenfield, PLLC**
3301 Elm Street
Dallas, Texas 75226
214.939.9224
214.939.9229 FAX

**COUNSELS FOR PLAINTIFF**